NEW YORK AND NEW JERSEY STEAMBOAT COMPANY, APPELLANT, v. NEW JERSEY PRODUCE COMPANY, APPELLEE.

NEW YORK AND NEW JERSEY STEAMBOAT COMPANY, APPELLANT, v. THOMAS ALLEN, APPELLEE.

Submitted July 5, 1907—Decided December 6, 1907.

A common carrier having in its possession four cases of cigars was directed by their consignor to deliver three of the cases to Allen. The carrier thereupon notified Allen by postal card that four cases of tobacco consigned to him must be removed at once. Allen returned the postal card with instruction to "deliver to Sabel's express four cases as per postal enclosed." The carrier delivered the four cases to the express company, which in turn delivered them to Lewis & Company. The carrier then brought an action in trover against Allen for the one case of cigars which it had not been ordered to deliver to him. *Held*, that there was no proof of any conversion of the case of cigars by Allen.

On appeal.

The state of the case sets out that this action (referring to the first of the foregoing causes) was brought to recover the sum of $170.77, being the value of one case of cigars.

The trial was before the court without a jury.

It was admitted by the parties that plaintiff and defendant was each a body corporate, and that the defendant was a common carrier.

Evidence was produced on the part of the plaintiff to show that on the 27th day of December, 1904, the plaintiff delivered to such common carrier, at Perth Amboy, three cases of cigars consigned to A. H. Hilman & Company, of New York, and on the following day delivered to the said defendant another case of cigars consigned to the same parties; that the consignees refused to receive any of the said cases of cigars. Thereupon the defendant notified the plaintiff of said refusal of said Hilman, and requested from the plaintiff instructions as to what disposition should be made of said cases of cigars.

Whereupon the plaintiff directed the said defendant to deliver three of said cases to Thomas Allen, care of I. Lewis & Company, Newark, New Jersey.

Thereupon the defendant sent a postal card, dated January 17th, 1905, addressed to "Tom Allen, care I. Lewis, 400 Bank street, Newark, N. J.," which postal card stated as follows: "The following goods consigned to you are now on above pier. If not removed to-day will be subject to storage at your risk and expense. Four cases tobacco. Bring order. Remove at once. Eighty cents charges. No freight delivered until all charges are paid. Please bring this notice with you."

It was shown by the testimony that the fourth case so delivered, and not ordered to be so delivered by the plaintiff, was of the value of $170.77.

It was testified to by the agent of the defendant at Perth Amboy that the order was to deliver three cases to Allen only, and that four were, in fact, delivered.

On January 23d, 1905, a letter was written on the letterhead of I. Lewis & Company, as follows:

"NEWARK, N. J., January 23d, 1905.

"The New York and N. J. Steamboat Co., New Pier 19, East river, New York City. Gentlemen—Please deliver to Sabel's express four (4) cases tobacco, as per postal herewith handed, and oblige,

"Yours truly,

"THOMAS ALLEN."

On receipt of the above letter and postal card the defendant delivered on January 24th, 1905, the said four cases of cigars to Sabel's express, which delivered them to I. Lewis & Company, but there was no evidence that the defendant had knowledge that the cases were to be delivered to said I. Lewis & Company, or consented to such delivery.

Before Justices GARRISON, SWAYZE and TRENCHARD.

For the appellant, *James Parker.*

For the appellee, *John W. Beekman.*

The opinion of the court was delivered by

GARRISON, J. The transaction set forth in the state of the case gave rise to two actions, one by the consignor against the common carrier for negligence whereby the consignor lost a case of cigars, and one by the carrier against Allen for the conversion of the said case of cigars. Judgment in the District Court was rendered in the first action for the consignor and in the second action for the defendant, Allen. In each case the carrier has appealed. The judgment against the carrier was proper in each case.

In the suit of the consignor against the carrier the latter had delivered the fourth case of cigars without a semblance of authority from the consignor. The fact that this was the result of a mistake by the carrier, and the further fact that the value of the goods had been credited or offered to be credited on a supposed debt of the consignor by the party

into whose possession they ultimately came, do not raise even the suggestion of a legal defence.

In the case of the carrier against Allen, in which there is no separate state of the case, the pertinent facts are that Allen received word from the plaintiff, *i. e.,* the carrier, that four cases of tobacco consigned to him were on the pier and must be removed at once. This was by a postal card, which was returned by Allen with the instruction to deliver to Sabel's express four cases of tobacco "as per postal herewith handed."

This is the conversion if there was any. In this transaction it will be observed that all the information Allen had was that imparted to him by the plaintiff, viz., that four cases were consigned to him, by whom was not stated. Allen's reply was based on this information specifically, for his instruction was accompanied by the plaintiff's postal. Hence Allen, in effect, said: "If four cases are consigned to me as you say, deliver them to Sabel's express." Allen having acted on information given him by the plaintiff, the latter cannot base an action in tort on its own misinformation to Allen unless it in some way places him in the wrong, *i. e.,* shows that he knew or ought to have known that the plaintiff's information was not true, and hence ought not to have relied on or acted upon it. Of this, however, there is not a scintilla of proof. No transaction between the produce company, the consignor, and Allen is shown. Nothing shows that Allen knew that the produce company was the consignor; in fact, the produce company had not consigned the four cases or even three cases to Allen. The state of the case shows that the produce company had consigned all four cases to A. H. Hilman & Company, who refused to accept any of them, and that thereupon the carrier reported to the consignor this refusal of the consignee and requested instructions as to what disposition should be made of the cases, and was directed to deliver three of them to Allen. So even the three cases were not consigned to Allen; they were merely directed to be delivered to him, and this was an afterthought when the real consignee had refused to accept them. There is nothing to show

that Allen knew anything of all this or that he had been notified by the consignor, or had ordered three cases or any goods at all of the consignor. The conduct of Hilman in refusing the cigars, and the conduct of the consignor in immediately directing them to be delivered to Allen, strongly indicate that the cigars were sent out "on suspicion," *i. e.,* in expectation that they would be accepted, and not that they had been bought or ordered either by Hilman or by Allen. Be that as it may, Allen knew only what the plaintiff told him, viz., that four cases were consigned to him, and if this were true their delivery to the express company was no more a conversion by Allen as against the plaintiff than would have been the plaintiff's delivery of the cases to Allen in pursuance of what the plaintiff supposed to be the consignor's direction. The mistake throughout was that of the plaintiff in a transaction of which Allen knew absolutely nothing. This mistake led the plaintiff to impart to Allen information upon which as against the giver of such information he had the right to act unless he knew to the contrary, which he did not. The plaintiff cannot, under these circumstances, now set up a true state of facts in order to recover damages for its own misleading information given to the defendant. It is as clear a case of estoppel *in pais* as can be imagined.

The judgment of the District Court of Perth Amboy is affirmed in each case.